a

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF LOUISIANA
ALEXANDRIA DIVISION

| | |
|---|---|
| LUIS DEGANTE ET AL #27241-078,<br>Plaintiff | CIVIL DOCKET NO. 1:22-CV-00662<br>SEC P |
| VERSUS | JUDGE DRELL |
| DR MARKEY,<br>Defendants | MAGISTRATE JUDGE PEREZ-MONTES |

MEMORANDUM ORDER

Before the Court is a Complaint filed by pro se Plaintiff Luis Degante ("Degante") and his wife, mother, and sister. ECF No. 9. Degante is a prisoner in the custody of the Bureau of Prisons (BOP), incarcerated at the United States Penitentiary in Pollock, Louisiana ("USP-P"). Degante and three family members are suing under *Bivens*[1] and the Federal Tort Claims Act ("FTCA") for inadequate medical care provided by Dr. Markey.

Because it is unclear whether Degante's *Bivens* claim is prescribed, he must AMEND the Complaint (ECF No. 9).

I. Background

Degante alleges that Dr. Markey operated on his penis to remove a calcinosis cutis. Degante alleges that he only received local anesthesia and could feel pain

---

[1] [1]In *Bivens v. Six Unknown Named Agents of Federal Bureau of Narcotics*, 403 U.S. 388 (1971), the United Sates Supreme Court recognized that certain circumstances may give rise to a private cause of action against federal officials that is comparable to the statutory cause of action permitted against state officials by 42 U.S.C. § 1983.

1

during the operation. Degante asserts that Dr. Markey sutured the incision "without stopping the bleeding from surgery." ECF No. 9 at 3. Degante alleges that his penis filled with blood and became swollen and purple. *Id.* He was examined by the nurse practitioner and transported to a hospital where he was diagnosed with a hematoma. *Id.* Degante alleges that he was informed that surgery should have been performed by a certified specialist. Degante alleges that he had an open wound for at least six weeks after surgery. He also asserts that Dr. Markey failed to remove the entire calcinosis cutis. *Id.*

## II. Law and Analysis

Degante filed suit under the FTCA and *Bivens*. ECF Nos. 1, 9. There is no federal statute of limitations for *Bivens* actions. Federal courts borrow the forum state's general personal injury limitations period, which is one year in Louisiana. *See* La. Civ. Code art. 3492; *Gaspard v. United States*, 713 F.2d 1097, 1102 n. 11 (5th Cir. 1983). However, federal law determines the date the cause of action accrues. *Burrell v. Newsome*, 883 F.2d 416, 418 (5th Cir. 1989). Under federal law, accrual begins "when the plaintiff knows or has reason to know of the injury which is the basis of the action." *Id.* The plaintiff does not need to know that he has a legal cause of action; he only needs to know the facts that would support a legal claim. *Piotrowski v. City of Houston*, 237 F.3d 567, 576 (5th Cir. 2001).

Prison inmates are required to exhaust available administrative remedies before filing a lawsuit in federal court. 42 U.S.C. § 1997e(a). Due to the exhaustion

requirement, the limitations period is tolled while an inmate exhausts administrative remedies. *Harris v. Hegmann*, 198 F. 3d 153, 158 (5th Cir. 1999).

Delgante knew of the facts underlying his claim on the date of surgery, which was September 4, 2020. ECF No. 9 at 3. His Complaint was not filed until March 2022. ECF No. 1.

Delgante exhausted his FTCA claim through an Administrative Tort Claim for negligence by Dr. Markey. ECF No. 11. However, there is no allegation or indication that Delgante exhausted administrative remedies as to any deliberate indifference claim that he seeks to raise under *Bivens*.

An FTCA claim is separate and distinct from a *Bivens* claim and has a different exhaustion process.[2] Exhaustion under the FTCA does not toll the statute of limitations of a *Bivens* claim. *See Burnette v. U.S. Bureau of Prisons*, 06-1396, 2006 WL 3524040, at *2 (W.D. La. 2006); *Bourassa v. United States*, 4:20-CV-4210, 2022 WL 204644, at *8 (D. S.D. 2022) (collecting cases).

Delgante must amend his Complaint to state whether he exhausted his deliberate indifference claim through the BOP's administrative remedy process. If

---

[2] The administrative remedy that must be exhausted prior to the bringing of a *Bivens* claim is the three-part procedure found in the Code of Federal Regulations. The inmate must file his initial grievance to the Warden on a BP-9 form. If dissatisfied with the response, he may appeal to the Regional Director on a BP-10 form. If still dissatisfied, he may appeal to the General Counsel on a BP-11 form. *See* C.F.R. 542.13-15. *Dartson v. Kastner*, 5:06-CV-180, 2006 WL 3702634, at *2 (E.D. Tex. 2006). Under the FTCA, an action is barred unless the appropriate agency receives notice within two years after the action accrues. 28 U.S.C. § 2401(b). When the agency denies the claim or fails to act on the claim for six months, suit may be filed in federal court. *Id.*

so, he should provide a copy of his P-9, BP-10, and BP-11 forms, as well as the responses received at each level.

### III. Conclusion

Because it is unclear whether Degante's *Bivens* claim is prescribed, IT IS ORDERED that he AMEND the Complaint as outlined herein within 30 days of the filing of this Order.

Failure to comply with this Order may result in dismissal of this action under Rule 41(b) or 16(f) of the Federal Rules of Civil Procedure.

SIGNED on Tuesday, May 10, 2022.

_____
JOSEPH H.L. PEREZ-MONTES
UNITED STATES MAGISTRATE JUDGE