a

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF LOUISIANA
ALEXANDRIA DIVISION

| | |
|---|---|
| LUIS DEGANTE ET AL #27241-078,<br>Plaintiff | CIVIL DOCKET NO. 1:22-CV-00662<br>SEC P |
| VERSUS | JUDGE DRELL |
| DR. MARKEY,<br>Defendant | MAGISTRATE JUDGE PEREZ-MONTES |

## REPORT AND RECOMMENDATION

Before the Court is a Complaint filed by pro se Plaintiff Luis Degante ("Degante") and his wife, mother, and sister. ECF No. 9. Degante is a prisoner at the Federal Corrections Institution in Pollock, Louisiana. He filed suit under *Bivens*[1] and the Federal Tort Claims Act ("FTCA") for inadequate medical care provided by Dr. Markey.

Because the Complaint fails to state a viable constitutional claim, Degante's *Bivens* claim against Dr. Markey should be DENIED and DISMISSED WITH PREJUDICE.

I. **Background**

Degante alleges that Dr. Markey operated on his penis to remove a calcinosis cutis. Degante alleges that he only received local anesthesia and could feel pain

---

[1] In *Bivens v. Six Unknown Named Agents of Federal Bureau of Narcotics*, 403 U.S. 388 (1971), the United Sates Supreme Court recognized that certain circumstances may give rise to a private cause of action against federal officials that is comparable to the statutory cause of action permitted against state officials by 42 U.S.C. § 1983.

1

during the operation. Degante asserts that Dr. Markey sutured the incision "without stopping the bleeding from surgery." ECF No. 9 at 3. He further alleges that his penis filled with blood and became swollen and purple. *Id.*

Degante was examined by a nurse practitioner and transported to a hospital, where he was diagnosed with a hematoma. *Id.* He alleges that surgery should have been performed by a certified specialist, and that he had an open wound for at least six weeks after surgery. He also asserts that Dr. Markey failed to remove the entire calcinosis cutis. *Id.*

Degante was apparently informed of surgical risks, including "pain, infection, bleeding, damage to surrounding structures, [and] need for additional procedures." ECF No. 26 at 2. He signed a consent form explaining "the nature and purpose of the operation or procedure, potential benefits and drawbacks, potential problems related to recuperation, likelihood of success, possible results of non-treatment, and any significant alternatives." *Id.*

Hours after the procedure, Degante returned to health services with complaints of swelling. ECF No. 26 at 2-3. He was transferred to the hospital for an ultrasound, which showed a possible hematoma. He received broad-spectrum antibiotics and follow-up care including 30 evaluations from September 7, 2020, to November 19, 2020, when the pain and swelling from the hematoma resolved. *Id.*

II.   Law and Analysis

    A.   Degante's Complaint is subject to preliminary screening.

Degante is a prisoner proceeding *in forma pauperis*. ECF No. 15. As such, Degante's Complaint is subject to preliminary screening pursuant to 28 U.S.C. § 1915A. *See Martin v. Scott*, 156 F.3d 578, 579–80 (5th Cir. 1998) (*per curiam*). His Complaint is also subject to screening under § 1915(e)(2). Both §§ 1915(e)(2)(B) and 1915A(b) provide for *sua sponte* dismissal of the Complaint, or any portion thereof, if the Court finds it is frivolous or malicious, if it fails to state a claim upon which relief may be granted, or if it seeks monetary relief against a defendant who is immune from such relief.

    B.   The *Bivens* claims should be dismissed.

Prison officials violate the Eighth Amendment's proscription against cruel and unusual punishment when they act with "deliberate indifference" to the serious medical needs of prisoners. *See Farmer v. Brennan*, 511 U.S. 825, 834, (1994); *Estelle v. Gamble*, 429 U.S. 97, 105 (1976). Deliberate indifference "is an extremely high standard to meet." *Gobert v. Caldwell*, 463 F.3d 339, 346 (5th Cir. 2006) (citation omitted). In fact, "subjective recklessness as used in the criminal law" is the appropriate test for deliberate indifference. *Farmer*, 511 U.S. at 839-40.

A prison official acts with deliberate indifference only if he knows that an inmate faces a substantial risk of serious harm and disregards that risk. *Id.* at 847. An inmate must show that prison personnel "refused to treat him, ignored his complaints, intentionally treated him incorrectly, or engaged in any similar conduct

3

that would clearly evidence a wanton disregard for any serious medical needs." *Domino v. Tex. Dep't Crim. J.*, 239 F.3d 752, 756 (5th Cir. 2001) (quoting *Johnson v. Treen*, 759 F.2d 1236, 1238 (5th Cir. 1985)).

Degante does not allege that Dr. Markey refused to treat him, ignored his complaints, or intentionally treated him incorrectly. Although Degante claims he experienced pain during the procedure, his complaints were not ignored. Instead, he was provided "multiple anesthetics." ECF No. 9 at 3. Moreover, Degante consented to Dr. Markey performing the surgery, and was informed of possible complications. ECF No. 26 at 2.

When a complication arose after surgery, Degante was immediately transferred to a local hospital for treatment. ECF No. 9 at 3; No. 26 at 2. He was diagnosed with a possible hematoma and prescribed a course of antibiotics. *Id.* He received extensive follow-up care, including 30 examinations between September 7, 2020, and November 19, 2020, when the problem was resolved. ECF No. 26 at 2-3. His allegations do not evidence that his complaints were not ignored or intentionally treated incorrectly.

Degante also alleges that Dr. Markey was negligent in administering care. However, allegations of malpractice, negligence, or unsuccessful treatment fall short of deliberate indifference. *Davis v. Lumpkin*, 35 F.4th 958, 963 (5th Cir. 2022) (citing *Gobert v. Caldwell*, 463 F.3d 339, 346 (5th Cir. 2006)). Likewise, Degante's disagreement with the medical treatment provided does not support a constitutional claim. *Id.*

4

### III. Conclusion

Because the Complaint fails to state a viable constitutional claim, IT IS RECOMMENDED that the *Bivens* claim against Dr. Markey be DENIED and DISMISSED WITH PREJUDICE.

Under 28 U.S.C. § 636(b)(1)(c) and Fed. R. Civ. P. 72(b), a party may file written objections to this Report and Recommendation within 14 days of service, unless the Court grants an extension of time to file objections under Fed. R. Civ. P. 6(b). A party may also respond to another party's objections to this Report and Recommendation within 14 days of service of those objections, again unless the Court grants an extension of time to file a response to objections.

No other briefs may be filed without leave of court, which will only be granted for good cause. A party's failure to timely file written objections to this Report and Recommendation will bar a party from later challenging factual or legal conclusions adopted by the District Judge, except if the challenge asserts "plain error."

SIGNED on Tuesday, November 8, 2022.

_____
JOSEPH H.L. PEREZ-MONTES
UNITED STATES MAGISTRATE JUDGE