a

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF LOUISIANA
ALEXANDRIA DIVISION

| | |
|---|---|
| LUIS DEGANTE ET AL #27241-078,<br>Plaintiff | CIVIL DOCKET NO. 1:22-CV-00662<br>SEC P |
| VERSUS | JUDGE DRELL |
| USA,<br>Defendant | MAGISTRATE JUDGE PEREZ-MONTES |

REPORT AND RECOMMENDATION

Before the Court is a Motion to Dismiss for Lack of Jurisdiction or for Failure to State a Claim, or Alternatively, Motion for Summary Judgment, filed by the United States of America (the "Government"), seeking dismissal of the remaining claim in the Complaint filed by pro se Plaintiff Luis Degante ("Degante"). ECF No. 85.

Because the Court lacks jurisdiction, the Motion to Dismiss (ECF No. 85) should be GRANTED, and the Complaint should be DISMISSED WITHOUT PREJUDICE.

I. Background

Degante is incarcerated at the Federal Correctional Institution in Pollock, Louisiana ("FCI-Pollock"), alleging negligence and medical malpractice by Dr. Markey, his treating provider at FCI-Pollock.. He filed this lawsuit, seeking recovery under: (1) *Bivens v. Six Unknown Named Agents of Federal Bureau of Narcotics*, 403 U.S. 388 (1971), and; (2) the Federal Tort Claims Act, 28 U.S.C. §§ 1346(b), 2671 ("FTCA"). The *Bivens* claim has since been dismissed. Only the FTCA claim remains.

1

The Government seeks dismissal of the Complaint for lack of jurisdiction or failure to state a claim for which relief can be granted, or, alternatively, on summary judgment.

## II. Law and Analysis

### A. Legal Standard

Federal courts are courts of limited jurisdiction and may exercise jurisdiction over cases only as expressly provided by the Constitution and laws of the United States. *See* U.S. Const. art. III §§ 1-2; *Kokkonen v. Guardian Life Insurance Company of America*, 511 U.S. 375, 377 (1994); *Owen Equipment and Erection Company v. Kroger*, 437 U.S. 365, 374 (1978). A party may move to dismiss a complaint for lack of subject matter jurisdiction under Rule 12(b)(1) of the Federal Rules of Civil Procedure. A Rule 12(b)(1) motion must be considered before any other challenge because "the court must find jurisdiction before determining the validity of a claim." *Moran v. Kingdom of Saudi Arabia*, 27 F.3d 169, 172 (5th Cir. 1994) (internal citation omitted); *see also Ruhrgas AG v. Marathon Oil Company*, 526 U.S. 574, 577 (1999) ("The requirement that jurisdiction be established as a threshold matter . . . is inflexible and without exception") (citation and internal quotation marks omitted).

The burden of establishing subject-matter jurisdiction lies with the party seeking the federal forum. *Howery v. Allstate Ins. Co.*, 243 F.3d 912, 916 (5th Cir. 2001). When evaluating a motion to dismiss for lack of subject matter jurisdiction, "'the trial court is free to weigh the evidence and satisfy itself as to the existence of

its power to hear the case.'" *MDPhysicians & Associates, Inc. v. State Board of Insurance*, 957 F.2d 178, 181 (5th Cir. 1992) (citation omitted). Courts can consider: (1) the complaint alone; (2) the complaint supplemented by undisputed facts evidenced in the record, or; (3) the complaint supplemented by undisputed facts plus the Court's resolution of disputed facts. *See United States v. Renda Marine, Inc.*, 667 F.3d 651, 654 (5th Cir. 2012) (collecting cases).

When a defendant makes a factual attack as to subject matter jurisdiction by providing affidavits, testimony, or other evidentiary materials, the plaintiff is required to submit facts in support of jurisdiction. The plaintiff has the burden of proving, by a preponderance of the evidence, that the trial court has subject matter jurisdiction over the claims. *See Middle South Energy, Inc. v. City of New Orleans*, 800 F.2d 488, 490 (5th Cir. 1986); *Paterson v. Weinberger*, 644 F.2d 521, 523 (5th Cir.1981). "The plaintiff, as the party asserting jurisdiction, constantly bears the burden of proof that jurisdiction does in fact exist. Thus, at the pleading stage, the plaintiff must allege a plausible set of facts establishing jurisdiction." *Stewart v. Texas Tech Univ. Health Scis. Ctr.*, 741 F. Supp. 3d 528, 540 (N.D. Tex. 2024) (internal citation and quotations omitted).

If the plaintiff cannot meet its burden, the court lacks subject matter jurisdiction and the case must be dismissed. Fed. R. Civ. P. 12(h)(3).

B.   <u>Degante fails to establish subject matter jurisdiction under the FTCA.</u>

The FTCA provides a limited waiver of sovereign immunity for certain torts committed by government employees acting within the scope of their employment.

*See* 28 U.S.C. § 1346(b); *Coleman v. United States*, 912 F.3d 824, 835 (5th Cir. 2019). A government employee is an officer or employee of a federal agency, a member of the military or naval forces, and a person acting on behalf of a federal agency in an official capacity. 28 U.S.C. § 2671. A contractor with the United States is not a government employee for purposes of the FTCA. *Id*; *Semien v. United States*, 1:18-CV-512, 2019 WL 6999700, at *1 (E.D. Tex. 2019), *report and recommendation adopted*, 2019 WL 6954152 (E.D. Tex. 2019), *aff'd*, 838 F. App'x 88 (5th Cir. 2021).

While courts utilize numerous factors when determining independent contractor status, "[t]he critical factor in determining whether an individual is an employee of the government or an independent contractor is the power of the federal government to control the detailed physical performance of the individual." *Hernandez v. United States*, 18-CV-00074, 2018 WL 3795300, at *4 (W.D. Tex. 2018) (quoting *Linkous v. United States*, 142 F.3d 271, 275 (5th Cir. 1998) (internal quotations omitted); *see also Creel v. United States*, 598 F.3d 210, 214 (5th Cir. 2010) (enumerating the independent contractor factors)). More specifically:

> In this inquiry, the critical question is ... not whether the agent must comply with federal standards," *Hines v. United States*, 60 F.3d 1442, 1447 (9th Cir. 1995) *abrogated on other grounds by United States v. Olson*, 546 U.S. 43 (2005), or "whether the ... [agent] receives federal money and must comply with federal standards and regulations," *Cavazos*, 776 F.2d at 1264 (quoting *Orleans*, 425 U.S. at 815). Instead, the critical issue is "whether [the agent's] day-to-day operations are supervised by the Federal Government." *Cavazos*, 776 F.2d at 1264 (quoting *Orleans*, 425 U.S. at 815). The Fifth Circuit refers to the test as the "*Logue-Orleans* daily-detailed-control" test. *Id.* (internal quotation marks omitted).

4

*Rivera v. United States*, No. EP-15-CV-00021-KC, 2016 WL 183708, at *4 (W.D. Tex. Jan. 14, 2016).

Because the BOP contracts with private physicians to provide care in BOP facilities, the Fifth Circuit has consistently held that such physicians are independent contractors. *Id.* (collecting cases). In fact, "[t]he circuit courts are unanimous in holding that a contract physician is not an employee of the government under the FTCA." *Carrillo v. United States*, 5 F.3d 1302, 1304 (9th Cir. 1993); *Robb v. United States*, 80 F.3d 884, 890 (4th Cir. 1996).

The Government has established that Dr. Markey is an independent contractor. *See* ECF No. 85; 85-2. According to the sworn statement of Contract Specialist Kerry Roberts, Dr. Markey provided medical services to prisoners through managed health care contracts between the United States, through the Bureau of Prisons ("BOP"), and Kurmadasco, LLC ("Kurmadasco") and Consillium Staffing, LLC ("Consillium"). ECF No. 85-2. Pursuant to the contracts, the BOP paid Kurmadasco and Consillium "a per session rate" calculated by the Federal Supply Schedule Contract. *Id.* The BOP did not provide benefits to any medical providers, including Dr. Markey, and all providers "were solely responsible for making clinical decisions." ECF No. 82-2 at 2. The contracts make clear that the Government retains no control over the medical or professional aspects of the services rendered. ECF No. 85-2 at 8, 56.

Accordingly, the BOP was not involved in recommending treatment options related to the excision surgery by Dr. Markey on September 4, 2020, and did not

5

control any clinical decisions made by Dr. Markey. ECF No. 85-3 at 2. The BOP did not supervise Dr. Markey or interfere with his authority over the nature and scope of Degante's medical care. *Id.*

Degante claims that Dr. Markey was an employee of the Government. ECF No. 90 at 4. But his claim is conclusory. Nor does Degante dispute the existence of contracts between the Government and Kurmadasco and Consillium, or the terms contained within the contracts. It is also undisputed that Dr. Markey was solely responsible for making clinical decisions.

Rule 12(b)(1) permits the court to consider a broader range of materials in resolving a motion to dismiss for lack of jurisdiction. *See Williams v. Wynne*, 533 F.3d 360, 365, n.2 (5th Cir. 2008). Based on the Complaint and the undisputed facts, and finding no support for Degante's conclusory allegation, it is evident that Dr. Markey was an independent contractor. Accordingly, the Government did not waive sovereign immunity, and this Court lacks subject matter jurisdiction.

### III. Conclusion

Because the Court lacks jurisdiction, IT IS RECOMMENDED that the Motion to Dismiss (ECF No. 85) be GRANTED, and the Complaint DISMISSED WITHOUT PREJUDICE.

Under 28 U.S.C. § 636(b)(1)(c) and Fed. R. Civ. P. 72(b), a party may file written objections to this Report and Recommendation within 14 days of service, unless the Court grants an extension of time to file objections under Fed. R. Civ. P. 6(b). A party may also respond to another party's objections to this Report and

Recommendation within 14 days of service of those objections, again unless the Court grants an extension of time to file a response to objections.

No other briefs may be filed without leave of court, which will only be granted for good cause. A party's failure to timely file written objections to this Report and Recommendation will bar a party from later challenging factual or legal conclusions adopted by the District Judge, except if the challenge asserts "plain error."

SIGNED on Monday, November 17, 2025.

_____
JOSEPH H.L. PEREZ-MONTES
UNITED STATES MAGISTRATE JUDGE